**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

ALMIRALL, LLC,

          Plaintiff,

      v.

ENCUBE ETHICALS PVT. LTD.,

          Defendant.

Case No. __21-18534_____

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Almirall, LLC ("Almirall" or "Plaintiff"), by its undersigned attorneys, brings this action against Defendant Encube Ethicals Pvt. Ltd. ("Encube" or "Defendant"), and hereby alleges as follows:

**NATURE OF THE ACTION**

1.     This action for patent infringement brought under the United States Patent Act and the Hatch-Waxman Act, based upon Encube's submission of Abbreviated New Drug Application No. 215539 (the "Encube ANDA") to the United States Food and Drug Administration ("FDA").

2.     By the Encube ANDA, Encube seeks approval to market a generic dapsone gel, 7.5% drug product (the "ANDA Product") prior to the expiration of United States Patent No. 9,517,219 ("the '219 patent"), which covers *inter alia*, the use of Almirall's ACZONE® Gel, 7.5% drug product, and which is listed accordingly in the FDA's publication, "Approved Products with Therapeutic Equivalence Evaluations" (the "Orange Book").

**PARTIES**

3.    Plaintiff Almirall is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, having a place of business at 101 Lindenwood Drive, Malvern, PA 19355.

4.    On information and belief, Defendant Encube Ethicals Pvt. Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at Unit 24, Steelmade Industrial Estates, Andheri (E), Mumbai, 400 069 India.

**JURISDICTION AND VENUE**

5.    This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271 and 21 U.S.C. § 355(j).

6.    Original jurisdiction is vested in this Court over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.    On information and belief, Encube, directly or through its affiliates and agents, is present in, and conducts the business and derives revenue from, *inter alia*, developing, manufacturing, marketing, importing, and/or selling pharmaceutical products, including generic drug products, throughout the United States, including in the State of New Jersey.

8.    In its business of developing, manufacturing, marketing, importing, and/or selling pharmaceutical products, including generic drug products, Encube has purposefully directed activities at residents of the State of New Jersey.

9.    If the FDA approves the Encube ANDA prior to the expiration of the '219 patent, upon information and belief, Encube will market and sell the ANDA Product throughout the United States, including in the State of New Jersey, in violation of Almirall's rights in the '219 patent.

10.    This Court has personal jurisdiction over Encube.

11.     Almirall's assertion of personal jurisdiction is reasonable and fair.

12.     Pursuant to 28 U.S.C. § 1391(c)(3), venue is proper against Encube because it is a foreign defendant and can be sued in any District.

## THE PATENT-IN-SUIT

13.     On December 13, 2016, the United States Patent and Trademark Office issued the '219 patent, entitled "Topical Dapsone and Dapsone/Adapalene Compositions and Methods for Use Thereof," a copy of which is attached as **Exhibit A** to this Complaint.

14.     Plaintiff Almirall owns all rights, title, and interest in the '219 patent.

## ACZONE® GEL, 7.5%

15.     Almirall is the holder of approved New Drug Application No. 207154 (the "ACZONE® NDA") for a topical drug product used to treat acne vulgaris, and containing, *inter alia*, 7.5% by weight of the active pharmaceutical ingredient, dapsone.  The FDA granted approval of the ACZONE® NDA on February 24, 2016.

16.     Almirall markets and sells the subject product of the ACZONE® NDA under the trade name ACZONE® Gel, 7.5%.

17.     Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the '219 patent is listed in the FDA Orange Book with respect to the ACZONE® NDA and ACZONE® Gel, 7.5%.

## THE ENCUBE ANDA

18.     Encube is the owner of the Encube ANDA.

19.     On information and belief, Encube submitted, or caused to be submitted, the Encube ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), in order to obtain approval to market the ANDA Product as a generic version of ACZONE® Gel, 7.5%.

20.     The Encube ANDA refers to and relies upon the ACZONE® NDA and contains

3

data that, according to Encube, demonstrate the bioequivalence of the ANDA Product and ACZONE® Gel, 7.5%.

21.    On or about August 30, 2021, Almirall received from Encube, via FedEx, a letter titled "Notification of Certification Pursuant to Section 505(b)(3)(D) of the Federal Food, Drug, and Cosmetic Act and Section 314.52 of the Food and Drug Administration Regulations Concerning NDA NO. 207154" (the "Notice Letter").

22.    The Notice Letter provides notice that Encube submitted to the FDA the Encube ANDA, which included a certification by Encube, pursuant to 21 U.S.C. § 355(b)(3)(B), that the claims of the '219 patent are invalid and/or not infringed.

23.    The Notice Letter provides that Encube seeks approval to market the ANDA Product before the '219 patent expires.

## CLAIM FOR INFRINGEMENT OF THE '219 PATENT

24.    Almirall realleges and incorporates by reference Paragraphs 1 through 23 of this Complaint.

25.    The Encube ANDA is an application for FDA approval by Encube to market the ANDA Product for, *inter alia*, use by physicians treating, and patients having, acne vulgaris.

26.    Use of the ANDA Product as described in the Encube ANDA is a method of treatment claimed in the '219 patent.

27.    The submission by Encube to the FDA of the Encube ANDA was an act of infringement of the claims of the '219 patent.

28.    The claims of the '219 patent are not invalid.

29.    The claims of the '219 patent are infringed by acts in relation to the ANDA Product as described in the Encube ANDA.

30.    Approval of the Encube ANDA prior to the expiration of the '219 patent will injure

4

Plaintiff Almirall as owner of the '219 patent, holder of the ACZONE® NDA, and distributor and seller of ACZONE® Gel, 7.5% in the United States.

31.     An actual case or controversy exists between Almirall and Encube.

32.     Almirall will be harmed substantially and irreparably if Encube is not enjoined from infringing the '219 patent.

33.     Almirall has no adequate remedy at law.

34.     Almirall is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, Almirall prays for judgment in its favor and against Encube and respectfully requests the following relief:

(a)     A judgment that Encube has infringed one or more claims of the '219 patent under 35 U.S.C. §271(e)(2);

(b)     An order, pursuant to 35 U.S.C. §271(e)(4)(A), that the effective date of any approval of the Encube ANDA, under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. §355(j)), shall not be earlier than the expiration of the '219 patent, including any extensions, adjustments, and exclusivities;

(c)     A grant, pursuant to 35 U.S.C. § 271(e)(4)(B), of an injunction against Encube, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities, and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, preventing the commercial manufacture, use, offer to sell, or sale of the ANDA Product within the United States, or the importation the ANDA Product into the United States, prior to the expiration of the '219 patent, including any extensions, adjustments, and exclusivities;

(d)     A Judgment that the '219 patent-in-suit is not invalid;

(e)     To the extent that Encube has committed any acts with respect to the claimed subject-matter in the '219 patent, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Plaintiffs damages for such acts;

(f)     Attorneys' fees in this action, as an exceptional case pursuant to 35 U.S.C. § 285;

(g)     Costs and expenses in this action; and

(h)     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*Of counsel:*

FENWICK & WEST LLP

James S. Trainor
R.J. Shea
902 Broadway, Suite 14
New York, New York  10010
(212) 921-2001
jtrainor@fenwick.com
rshea@fenwick.com

Michelle Irwin
1191 Second Avenue, 10th Floor
Seattle, Washington  98101
(206) 389-4510
mirwin@fenwick.com

Dated:   October 13, 2021

By: s/ Charles H. Chevalier

   Charles H. Chevalier
   Christine A. Gaddis
   Rachel S. Johnston
   GIBBONS P.C.
   One Gateway Center
   Newark, New Jersey 07102-5310
   (973) 596-4500
   cchevalier@gibbonslaw.com
   cgaddis@gibbonslaw.com
   rjohnston@gibbonslaw.com

   *Attorneys for Almirall, LLC*